# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD E. JARMUTH,**

    **Plaintiff,**

*vs*.                                                          **CIVIL ACTION NO. 1:04CV63**

**KATHLEEN R. WATERS and**
**JAMES M. FRINZI,**

    **Defendants.**

## ORDER *and*
## OPINION/REPORT AND RECOMMENDATION

On the 24th day of August, 2005, came the Plaintiff, Ronald E. Jarmuth, appearing *pro se*, and also came the remaining Defendant, James M. Frinzi, by his newly appearing counsel, Peter T. DeMasters.

Thereupon, the Court proceeded to conduct a hearing on Plaintiff's "Motion to Compel Production of Documents or in Alternative Compliance with Rules Relating to Privilege/Objecrtions" [Docket Entry 43, filed August 5, 2005]; Plaintiff's "Notice of Non-Compliance with Discovery Rules/Demand for Compliance" [Docket Entry 41, filed August 3, 2005]; Defendant's "Motion for Protective Order" [Docket Entry 47, filed August 9, 2005]; and Plaintiff's "Motion to Compel Production of Second Set of Documents or in Alternative Compliance with Rules Relating to Privilege/Objections" [Docket Entry 52, filed August 15, 2005]. The matter was referred to the undersigned by order dated August 16, 2005.

During the motions hearing, counsel for Defendant advised the Court, on the record, that Defendant intended to withdraw his counterclaim, thereby mooting whole or in part Plaintiff's motions. Upon inquiry by the Court, counsel for Defendant advised the Court that he anticipated the

motion to dismiss Defendant's counterclaim together with the order granting the same would be submitted not later than the end of the current work week, to wit: August 26, 2005. The Court inquired of the *pro se* Plaintiff whether he objected to Defendant's dismissal of his counterclaim, to which inquiry *pro se* Plaintiff responded that he did not object.

## RECOMMENDATION

It now appearing to the Court that the Defendant filed his motion to dismiss or withdraw his counterclaim his counterclaim and *pro se* Plaintiff having previously announced that he had no objection to Defendant withdrawing said counterclaim, it is accordingly **RECOMMENDED** that Defendant's counterclaim be dismissed, thereby permitting this case to move forward on the remaining allegation of defamation as the same appears to have been filed in *pro se* Plaintiff's original complaint.

## ORDER

Thereupon, the Court, *sua sponte*, admonished the *pro se* Plaintiff and Kevin Kaufman (who was not present), prior counsel for Defendant, that the pleadings and motions as previously filed in this action contained unredacted identifiers and other information relative to a minor child, all of which was prohibited by the E-Government Act of 2002. The Court further found that the history of the within litigation as set forth in the pleadings filed herein give the Court no confidence that the parties to the within civil action would comply with this Court's procedures and orders relating to compliance with the E-Government Act of 2002. This Court further found the history of filings made in this case reflected the personal identifier information and information about an infant child not properly the subject of a public court record had been made available such that future documents and/or pleadings filed in this action would only build on and exacerbate the prohibited information currently available to the public.

Upon consideration of all which and based upon the Court's findings made on the record of the August 24, 2005, hearing, the Court, on its own motion, **ORDERS AND DIRECTS** that the record of the within case be sealed; that all future pleadings and/or documents filed in this action be filed under seal; and that the parties not disclose or discuss or exhibit all or any portion of the documentary record to any person or entity outside of the *pro se* Plaintiff and the Defendant and his counsel of record without the express prior written order of the Court.

It further appearing to the Court that upon the voluntary dismissal of Defendant's counterclaim, *pro se* Plaintiff's motion to compel discovery [Docket Entries 41 and 43] and Motion to Compel Production of Second Set of Documents or in Alternative Compliance with Rules Relating to Privilege/Objections [Docket Entry 52] be, and the same are, hereby, collectively and individually, **ORDERED DENIED AS HAVING BEEN RENDERED MOOT** by Defendant's withdrawal of his counterclaim. With the dismissal of Defendant's counterclaim, the relevant and material matter pertaining to either party's claims or defenses substantially changed, hereby requiring restart of discovery. Accordingly, Fed.R.Civ.P. 26(a)(1) initial disclosures are **ORDERED** due on or before September 16, 2005. The remaining dates in the Scheduling Order shall remain in full force and effect.

It further appearing to the Court that *pro se* Plaintiff is unwilling to assure the Court and counsel for Defendant that he will not surreptitiously tape record or otherwise record telephone communication that he and counsel for Defendant necessarily have during pre-trial discovery, and it further appearing to the Court that the counsel for Defendant has no confidence that the *pro se* Plaintiff will refrain from tape recording conversations he or counsel for Defendant have with the other during the discovery processes in this case, and it further appearing to the Court that the current state of West Virginia law is such that one party to a telephone conversation may record the contents of that

3

conversation without the knowledge and consent of the other party, Defendant's Motion for Protective Order [Docket Entry 47] is **GRANTED** and it is **ORDERED** that insofar as all future communications between Plaintiff and counsel for Defendant in this case shall be in writing and the Court will not entertain any motion to continue or extend scheduling deadlines created by any delay caused or necessitated by the use of written documentation to communicate during the pre-trial discovery process.

**IT IS SO ORDERED**.

Relative to the dismissal or withdrawal of Defendant's counterclaim, any party may, within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The District Clerk for the Northern District Court of West Virginia is directed to provide a copy of this order to counsel of record and *pro se* Plaintiff.

DATED: August 31, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE